NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 3 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABISUK SINSAENG, AKA Apisuk Andy Sinsaeng, AKA Avisuk Andy Sinsaeng, | No. 18-72975 |
| Petitioner, | Agency No. A037-571-413 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

| | |
|---|---|
| JUAN FLORES, AKA Juan Flores, Jr., | No. 19-73089 |
| Petitioner, | Agency No. A090-214-113 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

| | |
|---|---|
| JOSE ROSAS-ARROYO, | No. 20-70100 |
| Petitioner, | Agency No. A072-128-281 |
| v. | |

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

MERRICK B. GARLAND, Attorney
General,

              Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 11, 2022, as to Nos. 18-72975 and 19-73089
Submitted August 26, 2022, as to No. 20-70100[**]
San Francisco, California

Before: HURWITZ and VANDYKE, Circuit Judges, and MOSKOWITZ,[***]
District Judge.

     Abisuk Sinsaeng, Juan Flores, and Jose Rosas-Arroyo—citizens of Thailand,

Mexico, and Peru, respectively—each have petitioned for review of decisions of the

Board of Immigration Appeals dismissing their appeals from removal orders issued

by Immigration Judges. Exercising jurisdiction under 8 U.S.C. § 1252, we deny the

petitions.

     Each petitioner was convicted of violating California Penal Code

§ 136.1(b)(1) and sentenced to at least one year in prison. Each was then charged as

removable under 8 U.S.C. § 1101(a)(43)(S) for having committed an offense related

---

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Barry Ted Moskowitz, United States District Judge for
the Southern District of California, sitting by designation.

to obstruction of justice. We initially granted the petition for review in each case because Ninth Circuit precedent held that the federal generic offense required a nexus to a pending or ongoing proceeding, something that is not an element of the California statute of conviction. *See Sinsaeng v. Garland*, No. 18-72975, 2022 WL 3700858 (9th Cir. Aug. 26, 2022); *Flores v. Garland*, No. 19-73089, 2022 WL 3700857 (9th Cir. Aug. 26, 2022); *Rosas-Arroyo v. Garland*, No. 20-70100, 2022 WL 3700841 (9th Cir. Aug. 26, 2022). However, we granted the government's petition for panel rehearing after the Supreme Court decided in *Pugin v. Garland* that a nexus to a pending or ongoing proceeding is not an element of an offense relating to obstruction of justice. 599 U.S. 600, 602 (2023). *See Sinsaeng v. Garland*, No. 18-72975, 2023 WL 5011742 (9th Cir. July 31, 2023); *Flores v. Garland*, No. 19-73089, 2023 WL 5011744 (9th Cir. July 31, 2023); *Rosas-Arroyo v. Garland*, No. 20-70100, 2023 WL 5007893 (9th Cir. July 31, 2023).

The only issue for decision in each case is whether California Penal Code § 136.1(b)(1) is a categorical match for obstruction of justice under 8 U.S.C. § 1101(a)(43)(S). In *Cordero-Garcia v. Garland*, -- F.4th --, No. 19-72779, 2024 WL 3192169 (June 27, 2024), we held that the California statute is an offense relating to obstruction of justice under § 1101(a)(43)(S). We therefore deny the three petitions for review.

**PETITIONS FOR REVIEW DENIED.**